GALUSHA, appellant, v. FLOUR CITY NATIONAL BANK.

*Injunction — restraining transfer of note over due. Jurisdiction — service by publication.*

In an action by the maker of a negotiable promissory note, over due, to restrain a bank, to which it had been sent for collection, from parting with the possession thereof, and to have said note declared null and void on the ground that it was procured by fraud, the plaintiff alleged that if the bank were permitted to part with the possession of the note, it might injure plaintiff in his business and credit, and might also be the means of defrauding innocent parties. *Held,* that the allegations were not sufficient to justify the interference of the court.

The defendant, in a suit brought to enjoin the transfer of a promissory note and to have the same declared void, was a non-resident of this State and had no property in the State, except the note in question, which had been only temporarily intrusted to his care and which he had forwarded to this State for collection. *Held,* that defendant had not property in the State within the meaning of subdivision 3, section 135 of the Code, and that the court could not acquire jurisdiction by service of the summons by publication.

APPEAL from an order made at a special term dissolving an injunction made in this suit, which was brought in Monroe county by Norman H. Galusha against The Flour City National Bank of Rochester, and Edwin M. Lewis, assignee in bankruptcy of Jay Cooke & Co. The injunction was allowed by the county judge of Monroe county and forbade any disposition by the defendants of a certain $15,000 note, made by the plaintiff, or the bringing of any suit upon it, in any court.

The note was part of a contract amounting to $53,000 for the sale to the plaintiff of stocks and bonds, by Jay Cooke & Co., all fulfilled except this note and the transfer of the stock which was to be issued on the payment of the note. The note was due and protested January 3, 1874, the day when the complaint was sworn to.

The complaint alleged that the note was void, for fraudulent and false representations as to the value of the stock (Northern Pacific Railroad stock) for which it was given to Jay Cooke & Co.

The prayer of the complaint was:

1. That the note, and the contract upon which it was given, be declared null and void, and said note be given up to plaintiff to be canceled. 2. For judgment that the note was void, because of a breach of the contract upon which it was given by Jay Cooke & Co., and the defendant, and because no performance of the contract, on their part, had been tendered ; and that the note be delivered up and canceled. 3. That the contract cannot be, and ought not to be, specifically performed. 4. That the defendant bank be restrained by injunction from parting with said note, or in any manner divesting itself of its possession during the pendency of this action, and the defendant Lewis from receiving said note, or in any manner interfering with the possession of the bank. 5. That the defendant Lewis pay the costs of this action; and 6. For general relief.

The defendant Lewis was receiver in bankruptcy of Jay Cooke & Co., and resided in Pennsylvania. An order of publication was made as to him, and he was served in Philadelphia with the summons and complaint as equivalent to publication.

The bank appeared and put in an answer. The defendant Lewis did not appear.

An injunction was granted restraining the bank from delivering to Lewis, or to any other person or corporation, the note in question, and from divesting itself of the possession of the note in any manner; and forbidding Lewis to receive the same, or to remove it from the State, or to bring any action thereon in any court, or to transfer or interfere with it. Upon an order to show cause the injunction was continued, and finally dissolved on motion.

*John Van Voorhis,* for appellant.

*T. C. Montgomery,* for respondent.

GILBERT, J. The object of this suit is to restrain the defendant bank from returning a promissory note made by the plaintiff to the other defendant (Lewis), from whom it received it, for the purpose of demanding and receiving payment thereof. The suit was commenced after the note fell due, and had been dishonored. Mr. Lewis, who sent the note to the bank, resides in Pennsylvania, and

has not been served with process, or in any way appeared in the suit. The note forms part of the estate of a bankrupt, and is held by Mr. Lewis as a special receiver, he having been appointed such by the district court of the United States for the eastern district of Pennsylvania. It is not shown, however, that the title to the note has been vested in Mr. Lewis, or that he claims any ownership in it. The averments on the part of the plaintiff are, that the note was obtained by fraud, and that the consideration on which it was given has failed.

We think the action ought not to be maintained. The note being over due, the plaintiff has a perfect defense at law. There appears to be no reason, therefore, for his coming into a court of equity to protect his rights. No doubt the jurisdiction invoked may be exercised, but the granting of relief in cases of this kind is not by way of absolute right, but is a matter of sound discretion, to be exercised by the court, as it thinks proper, according to the circumstances of each case. When it entertains jurisdiction of such cases, it is upon the principle *quia timet,* or for fear that future injury or injustice might arise.

The only allegation made by the plaintiff, on this subject, is: "that if said note is permitted to be returned to said defendant Lewis, it will be a means of annoyance to the plaintiff, it may get into the hands of innocent parties, who will be defrauded thereby; and it may, and doubtless will, be used to injure the plaintiff in his credit and in his business. This is quite insufficient, if not altogether frivolous. No facts are stated justifying an apprehension that Mr. Lewis will make any improper use of the note. He who gives a note, and does not pay it, must expect annoyance to his credit, arising from these circumstances, even though payment was rightly refused; but they scarcely afford adequate cause for the interposition of the extraordinary powers of a court of equity. Nor is the plaintiff called upon to protect the innocent parties, who, he says, may purchase the note, and may thereby be defrauded. Upon this ground, alone, the injunction was improperly granted, as a discovery is no longer needed or allowed, to enable a party to establish his defense at law. *Mitchell* v. *Oakley,* 7 Paige, 70; *Crane* v. *Bunnell,* 10 id. 341.

It is also an insuperable objection to the continuance of the injunction, that jurisdiction of the person of Mr. Lewis has not been acquired, and that under the facts, as they now exist, it cannot

be obtained. For obvious reasons, the fourth subdivision of section 135 of the Code does not apply to the case. The third subdivision of that section contains the only authority to make service upon Mr. Lewis, by publication, and the case has not been brought within it.

1. It does not appear that he has any property in this State, except the note in controversy.

2. The note does not belong to him, but has been only temporarily intrusted to his care, by the district court, as one of its officers or agents.

3. A note sent forward for collection, to be returned immediately if not paid, is not within the purview of the statute. *Haight* v· *Husted*, 4 Abb. 348; S. C., 5 id. 170.

The case then must proceed, if it proceed at all, against a mere agent, for the sole purpose of preventing his performance of a plain duty to his principal. We cannot sanction such a claim.

The motion to dissolve the injunction was regular. Although the county judge heard the parties before allowing it, it was still a preliminary order only, and was a proper subject of a motion to dissolve it, on bill and answer.

Without discussing the question of the power of the court to interfere with a receiver appointed in a foreign jurisdiction, therefore, we think the order appealed from must be affirmed.

*Order affirmed.*